UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ORLANDO CARTER,<br>Plaintiff, | Case No. 1:15-cv-14 |
| vs. | Dlott, J.<br>Litkovitz, M.J. |
| STANDARD GUARANTY INS. CO., *et al.*,<br>Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff Orlando Carter brings this pro se diversity action pursuant to 28 U.S.C. § 1332 against defendants Standard Guaranty Insurance Co. (Standard Guaranty), JPMorgan Chase Bank (Chase Bank), and Deutsche Bank National Trust Company (Deutsche Bank) alleging state law claims of negligence, gross negligence, breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, and civil conspiracy. (Doc. 4). This matter is before the Court on defendants Chase Bank and Deutsche Bank's motion to dismiss, which Standard Guaranty joins (Docs. 9, 17), plaintiff's response in opposition (Doc. 15), and Chase Bank and Deutsche Bank's reply memorandum (Doc. 19). This matter is also before the Court on plaintiff's motion for leave to amend his complaint (Doc. 7), and plaintiff's motion for limited discovery (Doc. 21) and defendants' response in opposition thereto (Doc. 22).

**I. Background**

Plaintiff filed the complaint in this matter on February 6, 2015. (Doc. 4). The complaint sets forth the following factual allegations. Defendant Deutsche Bank holds the mortgage to a parcel of real property in Warren County. Chase Bank[1] is the mortgage servicer for Deutsche Bank and plaintiff is the mortgagor. In July 2009, Deutsche Bank filed a foreclosure action

---

[1] Plaintiff's complaint identifies defendant Chase Bank as simply "JP Morgan Chase Bank," "a national banking corporation with a business location in Warren County, Ohio [that] is authorized to do business in the State of Ohio." *See* Doc. 3 at 1, ¶ 4.

against plaintiff on the property at which time Chase Bank took control of the property. In July 2011, Deutsche Bank voluntarily dismissed the foreclosure action against plaintiff and then attempted to re-file it in July 2012. Plaintiff alleges that one year after the foreclosure action was dismissed but before the foreclosure matter was re-filed, he attempted take possession of the property but he was unable to do so because defendants Deutsche Bank and Chase Bank failed to provide the ordinary level of care to the property. Plaintiff alleges their negligence caused substantial water, mold, mildew, and structural damage to the property. Plaintiff contacted defendant Standard Guaranty Insurance to report the damage and an insurance agent came to the property to assess the claim. Plaintiff alleges that although the claim was approved, defendant Standard Guaranty improperly refused to make payment due to the ongoing foreclosure matter. Plaintiff alleges that all three defendants engaged in a conspiracy with the objective to deprive him of his rightful use of the property. (Doc. 4).

**II. Standard of Review**

Rule 12(b)(1) allows dismissal of complaints where the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When considering a motion to dismiss pursuant to Rule 12, the Court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). *See also Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Plaintiff bears the burden of proving jurisdiction in order to survive a motion to dismiss for lack of subject matter jurisdiction. *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003); *Michigan Southern R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n., Inc.*,

287 F.3d 568, 573 (6th Cir. 2002); *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990). "In reviewing a 12(b)(1) motion, the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits." *Nichols*, 318 F.3d at 677, citing *Rogers v. Stratton Industries*, 798 F.2d 913, 916 (6th Cir. 1986).

### III. Resolution

Defendants move to dismiss plaintiff's complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction under the federal diversity statute, 28 U.S.C. § 1332. (Docs. 9, 17). Defendants assert the Court lacks subject matter jurisdiction because there is not complete diversity of citizenship among the parties in that both defendant Chase Bank, formally JPMorgan Chase Bank, N.A., and plaintiff are citizens of Ohio. (Doc. 9 at 3). Defendants contend that for purposes of establishing jurisdiction, national banks are considered citizens of the State designated in its articles of association as its main office. (*Id.* at 4, citing *Wachovia Bank. N.A. v. Schmidt*, 546 U.S. 303, 318 (2006); *Hinton v. Wachovia Bank, N.A.*, 189 F. App'x 394, 398 n.6 (6th Cir. 2006)). Defendants submit a certified copy of Chase Bank's Articles of Association which demonstrate that it is a citizen of Ohio with its main office in Columbus, Ohio. (*Id.* at 4, Ex. A). Given the absence of any other basis for this Court to assert subject matter jurisdiction over plaintiff's complaint, defendants maintain that this matter must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

Plaintiff responds that the complaint clearly refers to Chase Bank as a national corporation and not a national association because it was his intent to name the Chase corporate entity and not JPMorgan Chase Bank, N.A. as a defendant. (Doc. 15 at 2-3). Plaintiff contends

3

this distinction is crucial because corporations are considered to be citizens of the state in which they are incorporated. Plaintiff contends that because Chase Bank is incorporated in Delaware, there exists complete diversity of citizenship between the parties for purposes of establishing this Court's subject matter jurisdiction.[2] (*Id.* at 3). Plaintiff supports his contention by citing to the exhibits accompanying his complaint. *See id.* at 3, citing Doc. 4, Ex. B at 1 (the Declarations page from plaintiff's insurance policy with Standard Guaranty lists JPMorgan Chase in the "Borrower" box at the bottom of the page)[3]; Doc. 4, Ex. C (a September 23, 2013 letter from Chase Bank regarding plaintiff's insurance claim is signed simply as "Chase")[4]; Doc. 4, Ex. D (an October 4, 2014 letter to plaintiff indicates the correspondence is from JPMorgan Chase). Plaintiff also claims that Chase Bank's website demonstrates that Chase Bank is headquartered in New York State and that the website for the Delaware Secretary of State shows that Chase Bank is incorporated in the State of Delaware, which purportedly establishes that Chase Bank is not a citizen of the State of Ohio. (Doc. 15 at 3). Lastly, plaintiff cites to a Purchase and Assumption Agreement, a document submitted in connection with a motion for summary judgment in *Castellanos v. Deutsche Bank, et al.*, No. 11-cv-815 (S.D. Ohio 2011), a case in which plaintiff was a party. Plaintiff contends this document establishes that Chase Bank is a citizen of the State of Washington. (*Id.* at 4-5, Ex. A-3).

Defendants reply that plaintiff has not carried his burden of demonstrating this Court's subject matter jurisdiction over his claims. Defendants submit that the documents cited by plaintiff actually show the entity involved in the alleged wrongdoing was JPMorgan Chase, N.A.

---

[2]Plaintiff further argues that because Chase Bank is a corporate entity and not a "national association," the *Wachovia Bank* and *Hinton* cases cited by defendants are inapt. (Doc. 15 at 3).
[3]This document lists "JPMorgan Chase Bank, N.A." as the "Named Insured." *See* Doc. 4, Ex. B at 1.

4

Defendants further submit that plaintiff has not shown there exists any JPMorgan Chase corporate entity. Defendants note that the Delaware Secretary of State website lists no such entity. In addition, the website cited by plaintiff – www.jpmorganchase.com – belongs to JPMorgan Chase & Co., an entity that is not named or alleged to have committed any wrongdoing in the complaint. Nor is JPMorgan Chase & Co. a party to the insurance policy with Standard Guaranty[5] which forms the basis of this lawsuit. To the extent plaintiff maintains Chase Bank is a citizen of Washington State based on the Purchase and Assumption Agreement from the *Castellanos* litigation, Chase Bank maintains that plaintiff's argument confuses Chase Bank's "principal place of business" with its "main office." Chase Bank reiterates that the Articles of Association clearly demonstrate that its main office is in Ohio and it is a citizen of the State of Ohio under the rule enunciated in *Wachovia*. (Doc. 19).

In order for diversity jurisdiction pursuant to § 1332(a) to lie, the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)); *see also Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967); *Winningham v. North American Res. Corp.*, 809 F. Supp. 546, 551 (S.D. Ohio 1992). In this case, both plaintiff and defendant Chase Bank are citizens of the State of Ohio. While a corporation is "deemed to be a citizen of any State by which it has been incorporated" and "of the State where it has its principal place of business," 28 U.S.C. § 1332(c)(1), federally chartered national banks such as defendant Chase Bank are not

---

[4]The letter further provides that it was sent by "JPMorgan Chase Bank, N.A." *See* Doc. 4, Ex. C.
[5]Plaintiff's state law tort and breach of contract claims stem from the denial of his insurance claims by Standard Guaranty under which plaintiff is identified as the "Borrower" and JPMorgan Chase, N.A. is identified as

5

incorporated by any state, but are chartered by the Comptroller of the Currency of the U.S. Treasury. *See Wachovia*, 546 U.S. at 306. Such national banking associations are "deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. The United States Supreme Court has interpreted "located" to mean "that a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia*, 546 U.S. at 307.

Plaintiff's complaint does not allege Chase Bank's state citizenship but provides simply that it "is a national banking corporation with a business location in Warren County, Ohio and is authorized to do business in the State of Ohio." (Doc. 4, ¶ 4). In support of their motion to dismiss, defendants have submitted the Certified Articles of Association for JPMorgan Chase, N.A., which provide that its main office is "in the City of Columbus, County of Delaware, State of Ohio."[6] *See* Doc. 9, Ex. 1 at 3. Chase Bank is therefore a citizen of the State of Ohio for purposes of establishing subject matter jurisdiction. *See* 28 U.S.C. §§ 1332(a)(1), 1348; *Wachovia*, 546 U.S. at 307. *See also Murphy v. JP Morgan Chase*, No. 3:11-cv-77, 2011 WL 6122642, at *3 n.3 (S.D. Ohio Dec. 8, 2011) (holding that JPMorgan Chase Bank is a citizen of Ohio because its Articles of Association provide that its main office is in Columbus, Ohio). Because both plaintiff and Chase Bank are citizens of Ohio, there is not complete diversity

---

the "Named Insured." *See* Doc. 4, ¶¶ 1, 16-27; Doc. 4, Ex. B.
    [6]The Articles of Association are matters of public record which the Court may take judicial notice of in ruling on defendants' motion to dismiss without converting it into a motion for summary judgment. *See Kovac v. Superior Dairy, Inc.*, 930 F. Supp.2d 857, 862-63 (N.D. Ohio 2013) (citing cases). *See also* http://www.sec.gov/Archives/edgar/containers/ fix027/ 1062336/000119312504207055/dex991.htm (last visited May 20, 2015) (defendant Chase Bank's Articles of Association as maintained on the United States Securities and Exchange Commission website).

among the parties. Accordingly, this Court lacks subject matter jurisdiction over this matter under the diversity statute.

To the extent plaintiff asserts he intended to name the corporate entity "JPMorgan Chase" as a defendant and not JPMorgan Chase, N.A., plaintiff has not demonstrated the existence of any such entity. The documents plaintiff cites in support of his claim that "JP Morgan Chase" is a separate corporation distinct from defendant Chase Bank actually support defendants' contention that the entity at issue and party to the insurance contract at issue in this matter is, indeed, JPMorgan Chase, N.A. *See* Doc. 4, Exhs. B, C, E. Further, the Purchase and Assumption Agreement submitted by plaintiff in his attempt to establish complete diversity does not state, as plaintiff claims, that Chase Bank "moved its citizenship from Columbus, Ohio to Seattle Washington, 4 months after its establishment in 2008." (Doc. 15 at 4) (citing Doc. 15, Ex. A-3). The Purchase and Assumption Agreement provides, rather, that JPMorgan Chase, N.A. has its principal place of business in Washington State. *See* Doc. 15, Ex. A-3. As noted by defendants, Chase Bank's "principal place of business does not determine its citizenship for diversity jurisdiction [purposes]; the main office listed in its articles of association does." (Doc. 19 at 3) (citing *Wachovia*, 564 U.S. at 318). Plaintiff has therefore not met his burden of establishing complete diversity of citizenship among the parties. Therefore, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship over plaintiff's state law claims.

In addition, the Court is without federal question jurisdiction over the complaint. District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to invoke the

7

Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing his causes of action involve an issue of federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Plaintiff does not purport to assert any claims under the Constitution, laws, or treaties of the United States. Nor is the Court able to discern from the facts alleged in the complaint any applicable federal statutory or constitutional provision giving rise to an actionable claim for relief.

For the above reasons, the Court finds that it lacks subject matter jurisdiction over plaintiff's claims. Accordingly, **IT IS HEREBY RECOMMENDED THAT** defendants' motion to dismiss (Docs. 9, 17) be **GRANTED** and that plaintiff's case be **DISMISSED** without prejudice for lack of subject matter jurisdiction. In light of this recommendation, the Court further **RECOMMENDS** that plaintiff's motion for leave to amend his complaint (Doc. 7) be **DENIED** as moot.[7] Further, **IT IS HEREBY ORDERED** that plaintiff's motion for limited discovery (Doc. 21) is **DENIED** as the current record includes ample information from which the Court can determine that it lacks subject matter jurisdiction over plaintiff's claim.

Date: 5/21/15      s/Karen L. Litkovitz
                   Karen L. Litkovitz
                   United States Magistrate Judge

---

[7]The proposed amended complaint identifies Chase Bank as a defendant. *See* Doc. 7, Ex. A, ¶ 1 ("Parties to the complaint are the same as filed in the original complaint."). Accordingly, allowing the proposed amendment would not alter the instant finding that this Court lacks subject matter jurisdiction over plaintiff's claims for lack of complete diversity among the parties.

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ORLANDO CARTER,
    Plaintiff,

vs.

STANDARD GUARANTY INS. CO., *et al.*,
    Defendants.

Case No. 1:15-cv-14

Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

9